*1155 OPINION.
Smith :
In Appeal of J. J. Harrington, 1 B. T. A. 11, we held that losses upon investments in shares of stock by an individual are not legal deductions from gross income in determining the net loss under section 204 of the Revenue Act of 1921. A like ruling was made by the Board in Fridolin Pabst v. Commissioner, 6 B. T. A. 843. See also Harry J. Gutman v. Commissioner, 7 B. T. A. 500. We see nothing in the cases at bar which would differentiate them from the above.
Section 214(a) (5) of the Revenue Act of 1921 permits an individual to deduct from gross income in annual tax returns :
Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business ; * * *
Subdivision (6) of the same section provides:
* * * Losses allowed under paragraphs (4), (5), and (6) of this subdivision shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period. * * *
Subdivision (7) of the same section permits the deduction of:
Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
It was manifestly the intention of Congress to permit an individual making income-tax returns under the Revenue Act of 1921 to deduct from gross income the losses sustained in the return year and also to permit him.to deduct debts ascertained to be worthless during the year, provided, of course, the amount was charged off during the year. Since the petitioners kept no books of account the requirement that the bad debts be charged off before they can be claimed as a deduction does not apply to them. The loss actually sustained by each petitioner in 1922 as a result of his loan to the Forsyth Trading Co. was $8,982.60. In addition to this loss each of the petitioners sustained a loss of $2,800 as a result of his invest *1156 ment in the stock of the Forsyth Trading Co. This amount is also a legal deduction from gross income in 1922.
Judgments will he entered on 15 days’ notice, under Bule 50.
Considered by Littleton.